May 2, 1910.

No. 5008.

(Court of Appeal, Parish of Orleans.)

## MARTIN MANION vs. CROWE & CO. ET AL.

R. E. Breazeale for plaintiff and appellant.

Walker, Stewart, Saxon and Rozier for defendant and appellee.

GODCHAUX, J.—Plaintiff sought judgment against Crowe & Co., and the other defendants, upon the allegation that the latter constituted a partnership and that said partnership had contracted the debt sued upon. It

— 383 —

appears that there was a limited corporation formed called the **Crowe & Balser Company, Ltd.,** the stock being owned by Balser and the defendants Crowe, Huck & Legear. Subsequently, Crowe purchased Balser's shares of stock, and thereafter, without the knowledge or consent of the other share-holders, Crowe operated the concern under the name of Crowe & Co., Ltd., and, having contracted the debt sued upon, as well as numerous other debts which he was unable to pay, he fled the city.

It is shown that the stockholders, after Balser had parted with his interest, intended to change the name of the corporation to Crowe & Co., Ltd., but no steps in that direction was ever taken. The only proof that plaintiff has produced in his attempt to show that the defendants constituted a partnership, consists of declarations to that effect made by Crowe to the plaintiff out of the presence and without the knowledge of the other defendants, and cerain other purely hearsay testimony, such as the reports of mercantile agencies, etc. All of this evidence was objected to and the objection should have been sustained, for the declarations of one alleged to be a partner is not binding upon his alleged copartners until the existence of the partnership has been proven by competent evidence other than such declarations. Discarding this proof, the record is barren of any proof of a partnership.

The judgment of the lower Court was against T. P. Crowe, individually, and he has not appealed therefrom. The plaintiff is the only appellant, and, he having failed to prove the existence of the partnership or the liability of the other defendants, the judgment must be affirmed and it is so ordered.